## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**WESLEY U. NEWCOME,**

    **Plaintiff,**

v.                                                                               Case No: 8:11-CV-1167-T-17EAJ

**NORMAN BURBINE, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's **Affidavit of Indigency** (Dkt. 2), which the court construes as a motion for leave to proceed in forma pauperis.[1]

### Legal Standard

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must first determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v. Kristi Cleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted).

Rule 12(b)(6), Fed. R. Civ. P., governs the dismissal of complaints under § 1915(e)(2)(B)(ii) for failure to state a claim. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid

---

[1] The motion has been referred to the undersigned for disposition or a Report and Recommendation (Dkt. 2). See 28 U.S.C. § 636(b); Local Rules 6.01(b) and (c), M.D. Fla.

dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). In addition to construing the complaint in the light most favorable to the plaintiff, the court should construe the complaint more liberally in a pro se action. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (citation omitted).

## Analysis

Liberally construed, Plaintiff's complaint alleges that Defendants converted hundreds of thousands of dollars of Plaintiff's property. However, the complaint does not indicate that any act of conversion occurred after 2005, when Plaintiff was incarcerated. Therefore, Plaintiff's conversion claim is barred by the four-year statute of limitations. Feingold v. Am. Rack & Stack, Inc., 734 So. 2d 479, 480 (Fla. 4th DCA 1999) (per curiam). Although Plaintiff allegedly did not learn of the conversion until 2009, the period runs from the time of the conversion, regardless of when the victim learns of it. See Davis v. Monahan, 832 So. 2d 708, 710-11 (Fla. 2002).

Plaintiff also claims that Defendants breached an agreement to send $150 per month to Plaintiff at his place of incarceration, and asks the court to prosecute Defendants pursuant to Fla. Stat. §§ 825.101 and 825.103, which criminalize the exploitation of the elderly. Plaintiff's request for the court to assume supplemental jurisdiction over these claims should be denied as Plaintiff has failed to invoke this court's diversity jurisdiction over his conversion claim.[2]

As Plaintiff has failed to state claims upon which relief can be granted by this court, the petition should be denied.

---

[2] Even assuming damages of $18,000 on the breach-of-contract claim ($150 per month for Plaintiff's entire ten-year sentence), this claim does not satisfy the $75,000 amount-in-controversy requirement to invoke this court's diversity jurisdiction. See 28 U.S.C. § 1332(a).

Accordingly, and upon consideration, it is **RECOMMENDED** that:

1) Plaintiff's construed motion for leave to proceed in forma pauperis (Dkt. 2) be **DENIED WITHOUT PREJUDICE**;

2) Plaintiff be granted an opportunity to file an amended complaint that invokes this court's jurisdiction and states a claim under federal or state law; and

3) Plaintiff's failure to timely file an amended complaint result in dismissal of this matter. See also Local Rule 3.10(a), M.D. Fla.

**Date: June 10, 2011**

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Pro Se Plaintiff
District Judge

3